UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHATASIA BUCKNER,

                Plaintiff,

-against-

THE CITY OF NEW YORK; LISA J. FRIEDERWITZER; RUSSELL LUKE-KING; CHANEL BUCKNER,

                Defendants.

1:23-CV-6645 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Shatasia Buckner, of Brooklyn, Kings County, New York, filed this *pro se* action invoking the court's federal question jurisdiction, seeking injunctive relief and damages. She names as defendants: (1) the City of New York; (2) Judge Lisa J. Friederwitzer, of the New York Family Court, Kings County; (3) Russell Luke-King, of Jersey City, New Jersey, whom Plaintiff apparently alleges is the father of her children; and (4) Chanel Buckner, of Ashley, Luzerne County, Pennsylvania, whom Plaintiff apparently alleges is her mother. Plaintiff's claims arise from Luke-King's alleged abduction of Plaintiff's and his children, with the assistance of Plaintiff's mother, Chanel Buckner, from the State of New York to the Commonwealth of Pennsylvania, where, Plaintiff alleges, Chanel Buckner sought custody of the children in a Pennsylvania state court in Luzerne County.[1]

      For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.

---

[1] While it is not clear, Plaintiff also seems to allege that the Pennsylvania state court granted Chanel Buckner custody of the children.

## DISCUSSION

With respect to Plaintiff's claims, they may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

While it is clear that the City of New York resides within this judicial district,[2] Plaintiff alleges that Luke-King resides in New Jersey and that Chanel Buckner resides in Pennsylvania.[3] Thus, because not all of the defendants reside within the State of New York, this court is not a proper venue for this action under Section 1391(b)(1).

Plaintiff does not specify where all of the alleged events occurred, but because it is possible that at least some of the events giving rise Plaintiff's claims, including Luke-King's alleged abduction of the children with the assistance of Plaintiff's mother, Chanel Buckner, may have occurred within this judicial district, this court may be a proper venue for this action under

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

[3] Plaintiff does not allege where Judge Friederwitzer resides.

Section 1391(b)(2). In addition, because Plaintiff alleges that Luke-King transported the children into Pennsylvania, and that Chanel Buckner sought custody of them in a Pennsylvania state court in Luzerne County, the county where she resides, which lies within the Middle District of Pennsylvania, 28 U.S.C. § 118(b), the United States District Court for the Middle District of Pennsylvania is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Middle District of Pennsylvania appears to be appropriate for this action. Many of the underlying events allegedly occurred, and Chanel Buckner and the children appear to be located, in Luzerne County, in the Middle District of Pennsylvania. It is also reasonable to expect that relevant documents and witnesses would also be located in that judicial district. Thus, the United States District Court for the Middle District of Pennsylvania appears to be a more convenient forum for

this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 30, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge